TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFFREY M. CHEMERINSKY (Cal. Bar No. 270756)
AMY E. POMERANTZ (Cal. Bar No. 268383)
Assistant United States Attorneys
Violent & Organized Crimes Section
        1300 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-6520
        Facsimile: (213) 894-0141
        E-mail:    jeffrey.chemerinsky@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-792-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE SPECULATIVE AND IMPROPER OPINION BY FBI AGENT(S) REGARDING DEFENDANT'S CREDIBILITY (CR 42) |
| v. | |
| MICHAEL BYRNES SMITH, | |
| Defendant. | PTC:   11/29/21 at 11:00 a.m. Trial: 12/07/21 at 8:30 a.m. |

        Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorneys Jeffrey M.
Chemerinsky and Amy E. Pomerantz, hereby files its Opposition to
defendant's Motion in Limine to Exclude Select Statements of FBI
Agents During the Course of Defendant's Interview (CR 42).

i

1    This Opposition is based upon the attached memorandum of points

2  and authorities, the files and records in this case, and such further

3  evidence and argument as the Court may permit.

4   Dated: November 22, 2021        Respectfully submitted,

5                                   TRACY L. WILKISON
                                    United States Attorney
6
                                    SCOTT M. GARRINGER
7                                   Assistant United States Attorney
                                    Chief, Criminal Division
8

9                                   _____/s/_____
                                    JEFFREY M. CHEMERINSKY
10                                  AMY E. POMERANTZ
                                    Assistant United States Attorney
11
                                    Attorneys for Plaintiff
12                                  UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2 **I.    INTRODUCTION**

3        The Court should deny defendant's Motion to exclude certain

4 selected portions of his recorded interview with the FBI.  Not only

5 does defendant fail to justify excluding these statements -- which

6 were made by the case agent in response to defendant's self-serving

7 denials and equivocations -- he applies the wrong legal framework

8 entirely.  Defendant's motion analyzes these recorded statements as

9 either lay witness or expert testimony and argues they should be

10 excluded under Federal Rule of Evidence 702/701.  But this is

11 incorrect: the statements at issue in defendant's motion are out-of-

12 court statements in a recorded interview, not witness testimony (and

13 certainly not expert witness testimony) at trial.

14        Moreover, the selected statements defendant seeks to excerpt are

15 necessary to understand the context of the conversation.  As courts

16 have recognized, "it doesn't make sense" to "play conversations and

17 take one side out of it."  <u>United States v. Barragan</u>, 871 F.3d 689,

18 704 (9th Cir. 2017).  Yet, that is exactly what defendant proposes:

19 to admit only his self-serving statements and remove the FBI case

20 agent's skeptical response.  Not only is there no Rule 701/702 issue,

21 the case agent's statements are admissible non-hearsay because they

22 are not being offered for the truth of the matters being asserted,

23 but rather to show the effect on the listener (defendant).[1]

24        Finally, defendant's reference to Rule 403 also misses the mark.

25 His motion provides no analysis, let alone authority, explaining how

26                 _____

27       [1] Defendant does not raise a hearsay objection in his motion.
However, because they are out-of-court recorded statements and not

28 live witness testimony, that is the applicable evidentiary analysis.

allowing both sides of a conversation is so unfairly prejudicial as to outweigh the probative value of the complete interview, which is approximately 20-25 minutes.  Nor does any unfair prejudice exist. That the case agent expressed skepticism about defendant's denials and equivocations is unlikely to surprise, let alone impermissibly mislead or inflame the jury.  Moreover, any concern about confusion can be mitigated by a limiting instruction that clarifies that the case agent's statements are being offered to provide the context of the entire conversation and show the effect on the listener, rather than for the truth of the case agent's statements.  Indeed, this is the approach endorsed by the Ninth Circuit in similar situations in the past.  <u>Barragan</u>, 871 F.3d at 704-05 (explaining that the court's limiting instruction was sufficient to "prohibit[] the jury from considering the [informant's] statement for its truth").

In sum, defendant's motion fails to identify a cognizable basis to exclude the FBI case agent's statements.  Allowing the jury to hear both sides of the 20-minute conversation is critical for jurors to understand the evidence in this case and ultimately make their own credibility determinations.  The law does not permit defendant to pick and choose what parts of his interview he wants the jury to hear.  Defendant's motion should be denied.

**II.   FACTUAL BACKGROUND**

Defendant is charged in a two-count indictment with attempted sexual abuse and sexual abuse, in violation of 18 U.S.C. § 2242(2)(B), 7(8), and abusive sexual contact, in violation of 18 U.S.C. § 2244(b), 7(8).  The charges arise from defendant's sexual assault of the victim, "M.M.," who was sleeping when the assault

2

began.  A full summary of facts is set forth in the government's

Motion *in Limine* to Preclude Evidence under Rule 412 (CR 31) and

Motion to Compel Expert Notice (CR 34).

On August 19, 2019 lead FBI Special Agent Matt Parker met

defendant for an interview.  They met at an outdoor area outside a

hotel in Long Beach.  This was the second interview of defendant that

took place in this case.

After some small talk, FBI SA Parker asked defendant about the

phone call defendant had previously had with M.M.  Defendant

immediately mischaracterized the phone call, falsely telling SA

Parker that he and M.M. had agreed there was no sexual contact

between them.  Unbeknownst to defendant at the time, the FBI had

recorded the phone call; SA Parker thus immediately recognized that

defendant was grossly misrepresenting the conversation.

SA Parker then told defendant that the FBI's investigation had

revealed that defendant had, in fact, touched M.M.'s vagina while she

was sleeping.  Defendant flatly denied touching her vagina -- even

though, as SA Parker knew, defendant had admitted to touching M.M,'s

vagina during his phone call with her.

SA Parker then shifted his focus to encouraging defendant to

accept responsibility, be honest with the FBI, and work with him in

resolving the case.  He indicated that defendant could still

cooperate if he would be honest about what happened.  In response,

defendant offered qualified denials, carefully couching his language

in terms of what defendant "believed" or "thought" happened.

Ultimately, SA Parker and defendant were not able to achieve a

meeting of the minds about what happened on the ship the night of

3

June 24, 2019.  Defendant maintained that he never touched M.M.'s
vagina.  SA Parker provided defendant with a target letter from the
United States Attorney's Office and, again, urged him to be truthful
about what happened between him and M.M.

**III.  ARGUMENT**

Defendant argues that certain self-selected portions of his
recorded FBI interview should be excluded because: (1) based on FRE
701, a lay witness may not opine about a witness' credibility; (2)
expert testimony is not admissible on the credibility of a witness;
and (3) the statements run afoul of Rule 403.  Each of these
arguments fail.

As an initial matter, defendant applies the incorrect legal
framework: the statements at issue are not witness statements (and
certainly not *expert* witness statements, as the case agent has not
been noticed as an expert), but rather out-of-court statements in a
recording.  Thus, Rules 701 and 702, which concern a witness's
testimony at trial, have no application to these facts.  As to
defendant's Rule 403 claim, he offers no analysis or explanation as
to how the statements are unduly prejudicial – let alone any legal
support for that proposition.  The statements were part of a 20-25
minute conversation between defendant and the case agent; it is
*excluding* portions of this conversation that runs the risk of
confusing or misleading the jury.  The jury is fully capable of
hearing the entire conversation and making their own credibility
determinations.  And in any event, this Court can mitigate any
concerns about prejudice by providing an appropriate limiting jury

4

instruction that makes clear for the jury the limited purpose for which the statements are being introduced.

## A. Defendant's Arguments Fail Because Rules 701 and 702 Are Inapplicable

Defendant's first argument that the FBI case agent's statements to defendant on the recording are inadmissible as either lay witness or expert testimony is fundamentally incorrect; in fact, the recording does not constitute *witness testimony* at all.[2]

Federal Rule of Evidence 701 states that a lay witness may testify "in the form of an opinion" if it is "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge."  Fed. R. Evid. 701.  Not only does this provision not apply to recorded out-of-court statements, nothing in Rule 701 entitles defendant to pick and choose which statements from an out-of-court interview with law enforcement get to be introduced at trial.[3]  Further, the FBI case agent whose statements are at issue in defendant's motion has not been noticed as an expert and will not be

---

[2] Defendant's reliance on United States v. Henke, 222 F.3d 633, 642 (9th Cir. 2000) is inapposite.  That case did not concern a recorded, out-of-court statement, but rather witness testimony at trial.  Id. (explaining that "[the witness] was simply asked about the Board's conclusion that the defendants 'must have known' about the scheme -- a conclusion that went to the primary question for the jury.").

[3] Defendant's suggestion that Rule 701 precludes law enforcement witnesses from testifying about their own personal opinions and observations regarding a defendant's statements is incorrect.  See United States v. Simas, 937 F.2d 459, 464 (9th Cir. 1991) (no abuse of discretion in admitting under Rule 701 FBI agents' testimony concerning their understanding of what defendant meant to convey by his ambiguous statements).

5

testifying as such.  Accordingly, defendant's arguments under Rule 702 are likewise inapplicable and can be rejected summarily.

**B.   The Out-of-Court Statements at Issue are Admissible Non-Hearsay**

The statements at issue in defendant's motion are recorded, out-of-court statements.  As such, their admissibility is properly analyzed as being potential hearsay, not as lay witness testimony under Rule 701 (or expert witness testimony under Rule 702). Analyzed correctly, under the hearsay analysis rubric, these agent statements are clearly admissible, as non-hearsay because they are not being offered for their truth.

Hearsay is a statement, other than one made by a declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted.  Fed. R. Evid. 801(c).  However, an out-of-court statement is not hearsay if offered for any purpose other than the truth of whatever the statement asserts.  See United States v. Sanchez-Lopez, 879 F.2d 541, 554 (9th Cir. 1989).  One common application of this principle is admitting a declarant's out-of-court statement for the purpose of establishing what effect it had on the listener.  See, e.g., United States v. Payne, 944 F.2d 1458, 1472 (9th Cir. 1991).

Here, the recorded statements at issue in defendant's motion -- statements made by the FBI case agent in response to defendant's denials and equivocations during his interview -- are admissible as non-hearsay, as they are not being admitted for their truth.  Rather, they are going to be introduced for their effect on the listener (defendant) and to provide the jurors a complete version of the 20-25 minute conversation.  The jury will listen and decide whether

6

1  defendant was telling the truth or whether the case agent's

2  skepticism was justified.

3      Federal courts consistently admit similar evidence on this

4  basis.  For example, in United States v. Russell, 2018 WL 1997288 (D.

5  N.M. Apr. 26, 2018), the district court similarly rejected

6  defendant's attempts to exclude portions of a recorded interview in

7  which the agent made "direct accusatory statements" and repeated

8  "statements from other witnesses" to the defendant.  Id., at *2.  The

9  court ruled that the agent's statements were "not hearsay" because

10 they "are offered to show their effect on the listener (Mr. Russell),

11 not for the truth of the matter asserted.  [The agent's] statements

12 contextualize Mr. Russell's answers."  Id. (internal citations

13 omitted).

14     The issue of admitting a non-party's side of a recording most

15 frequently arises in the context of recordings in which confidential

16 informants interact with defendants.  The Ninth Circuit and other

17 circuits have consistently held that in such conversations the

18 confidential informant's portions of those recordings are non-

19 hearsay, as they are offered to provide the context for the

20 defendant's statements and their effect on the listener.  As the

21 Ninth Circuit held in United States v. Barragan, 871 F.3d 689 (9th

22 Cir. 2017), "the informant's statements on the tapes were not hearsay

23 because, as the court instructed the jury, they were offered only for

24 context, not for 'the truth of the matter asserted.'"  Id. at 705

25 (quoting Fed. R. Evid. 801(c)(2) and citing United States v. Valerio,

26 441 F.3d 837, 844 (9th Cir. 2006) (district court did not abuse

27 discretion in admitting recorded conversation between informant and

28

1    defendant and instructing jury not to consider informant's statements

2    for their truth)); United States v. Whitman, 771 F.2d 1348, 1352 (9th

3    Cir. 1985) (concluding that informant's "statements were not admitted

4    for their truth but to enable the jury to understand [a co-

5    conspirator's] taped statements"); United States v. Nguyen, 230 F.

6    App'x 686, 690 (9th Cir. 2007) ("The statements were properly

7    admitted for the non-hearsay purpose of providing context for

8    [defendant's] recorded statements, and not for truth."); see also

9    United States v. Van Sach, 458 F.3d 694, 701-02 (7th Cir. 2006)

10   (admitting informant's statements through an officer because "[i]t is

11   well settled that non-hearsay statements are admissible if they are

12   offered to provide context"); United States v. Tolliver, 454 F.3d

13   660, 666 (7th Cir. 2006) ("[The informant's] statements were

14   admissible to put [a defendant's] admissions on the tapes into

15   context, making the admissions intelligible for the jury.").[4]  The

16   very same principles apply here.

17

18

_____

19       [4] There is also no confrontation clause issue presented in the
    interview.  First, the agent will be a witness at this trial and
20   defendant will have a full attempt to confront him.  Second, the
    admission of such out-of-court nonhearsay poses no Confrontation
21   Clause problem.  Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004)
    ("The [Confrontation] Clause . . . does not bar the use of
22   testimonial statements for purposes other than establishing the truth
    of the matter asserted."); Tennessee v. Street, 471 U.S. 409, 414
23   (1985) ("The nonhearsay aspect of [the] confession — not to prove
    what happened at the murder scene but to prove what happened when
24   respondent confessed — raises no Confrontation Clause concerns.").
    The Ninth Circuit as well.  United States v. Orm Hieng, 679 F.3d
25   1131, 1141 (9th Cir. 2012) ("[E]ven testimonial statements may be
    admitted without confrontation if they are offered for purposes other
26   than establishing the truth of the matter asserted and, therefore,
    constitute nonhearsay.") (internal quotation marks omitted); Renteria
27   v. Subia, 449 F. App'x 615, 617 (9th Cir. 2011) ("The challenged
    statement, which was not testimonial and was admitted as non-hearsay,
28   did not implicate confrontation rights.").

1
2
>            **C.   The FBI's Portion of Defendant's Recorded Interview Does
>                  Not Run Afoul of Rule 403 and an Appropriate Limiting
>                  Instruction Can Be Given**

3        Although defendant's motion references Federal Rule of Evidence

4   403, he falls far short of establishing that the statements at issue

5   are so unfairly prejudicial as to outweigh their probative value and

6   therefore run afoul of Rule 403.  See United States v. Layton, 855

7   F.2d 1388, 1402 (9th Cir. 1988) ("Rule 403 precludes only unfair

8   prejudice."); United States v. Bailleaux, 685 F.2d 1105, 1111 & n.2

9   (9th Cir. 1982) (prejudice alone is insufficient; unfair prejudice is

10  required).  Beyond reciting the rule, defendant offers no analysis --

11  let alone caselaw -- supporting exclusion under Rule 403.  There is

12  no unfair prejudice presented by playing both sides of law

13  enforcement's interview with defendant; in fact, there is a higher

14  risk of confusion or misleading the jury if only selected portions of

15  the interview are presented.  A jury is unlikely to be surprised, let

16  alone misled or inflamed, that the lead case agent expressed

17  skepticism and follow-up questions to defendant's self-serving

18  denials.  The bottom line is that jury should be able to listen to

19  both defendant's and the FBI case agent's portion of the conversation

20  and make their own credibility determinations.  Excluding one side of

21  the conversation actually interferes with the jury's role as finders

22  of fact.

23       To the extent defendant is concerned that the jury may be

24  confused about the purpose for which the FBI case agent's statements

25  are offered, a limiting instruction can cure any potential issue.  In

26  Barragan, for instance, the Ninth Circuit upheld the admission of

27  out-of-court recorded statements by an informant speaking with a

28

1  defendant that were admitted for the effect on the listener, where an

2  appropriate limiting instruction was provided.[5]  The same approach

3  can, and should, be adopted here.  United States v. Hanley, 190 F.3d

4  1017, 1027-28 (9th Cir. 1999) (presumption that juries follow court

5  instructions).  Excising the case agent's statements from the

6  interview is unjustified and inappropriate.

7  **IV.   CONCLUSION**

8       For the foregoing reasons, defendant's Motion should be denied.

---

[5] Specifically, the trial court in Barragan instructed the jury that:

> Throughout the course of the trial, you have heard recordings that included statements made by government informants. It is the statements of those speaking to the government informants that is to be considered by you as evidence. Such statements should be considered by you in relation to all the other instructions I provide, and you may give such statements as much weight as you think they deserve. Statements of government informants are not to be considered for their truth, but only to put the statements of those with whom they were talking into context.

Barragan, 871 F.3d at 704-05; id. at 705 (noting that the court's instruction was sufficient to "prohibit[] the jury from considering the [informant's] statement for its truth").

10